S08Y1633. IN THE MATTER OF NEAL HARLEY LANDERS.
(673 SE2d 232)

PER CURIAM.

In this disciplinary matter Neal Harley Landers failed to file a Notice of Rejection to the Notice of Discipline, after being properly served under Bar Rule 4-203.1 (b) (3) (ii), of the Georgia Rules of Professional Conduct. Therefore, Landers is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The admitted facts show that Landers was a title agent for Old Republic National Title Insurance Company and conducted residential real estate closings. In connection with five specific closings handled in 2006 and 2007, Landers received funds in a fiduciary capacity. He failed to promptly notify third parties that he had received fiduciary funds in which they had an interest and did not forward the funds promptly or at all to the third parties. He also failed to maintain complete records of the funds held in a fiduciary capacity. He did not maintain funds held in a fiduciary capacity in an account separate from his own property and he failed to record promptly the deeds regarding the closing. He failed to keep his clients reasonably informed and did not act with reasonable diligence in representing his clients. In one case, he failed to record the deeds in the order intended by the parties, and in another case, he failed to purchase title insurance contrary to the closing documents and the intent of the parties. After Old Republic terminated his agency, Landers also failed to return property belonging to Old Republic, failed to respond to Old Republic's requests for information, and failed to disclose to Old Republic information regarding title policies and premiums for title insurance that he held in a fiduciary capacity. Additionally, Landers failed to file a timely sworn response to the notices of investigation issued by the State Bar. In aggravation, the State Bar notes that the cases suggest a pattern of misconduct, that Landers has committed multiple offenses, and that Landers obstructed the disciplinary proceedings by failing to respond to the notices of investigation.

Based on these admitted facts, Landers has violated Rules 1.2 (a), 1.3, 1.4, 1.15 (I), and 9.3, all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for violations of Rules 1.2, 1.3 and 1.15 (I) is disbarment.

Having reviewed the record we conclude that disbarment is the appropriate sanction in this case. It is hereby ordered that the name of Neal Harley Landers be removed from the rolls of persons authorized to practice law in the State of Georgia. Landers is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*William P. Smith III, General Counsel State Bar; Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.